J-A29035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: TRUST UNDER WILL F/B/O CHARLES T. CAMPBELL, II | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: CHARLENE M. CAMPBELL AND THOMAS D. CAMPBELL | : : : : : : | |
| | : | No. 33 WDA 2021 |

Appeal from the Order Entered January 6, 2021
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  No. 02-19-02074

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

CONCURRING STATEMENT BY BOWES, J.:        **FILED: MARCH 3, 2022**

I join my esteemed colleagues fully in the disposition of this matter.  I write separately solely to note my disquietude regarding the procedure employed by the orphans' court in initially appointing the GAL for Father.  That is, it appears from the certified record and briefs that the orphans' court judge did not participate in the off-the-record hearing that preceded the appointment of the GAL.  Instead, he delegated that task to his law clerk, who purportedly heard argument from counsel regarding the appointment of a GAL for Father and subsequently advised the judge that the parties had reached an agreement.  In reliance on that communication, the orphans' court issued the GAL appointment order.  This was in clear derogation of the judge's judicial duty to hear and decide cases.  **See** Pa. Code of Judicial Conduct, Canon 2,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Rule 2.7 ("A judge shall hear and decide matters assigned to the judge, except where the judge has recused himself or herself or when disqualification is required by Rule 2.11 or other law."). Moreover, it erodes the public's confidence in the integrity, independence, and impartiality of the judiciary. *See* Pa. Code of Judicial Conduct, Canon 1, Rule 1.2 ("A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety."). Children have consistently and vehemently challenged the propriety of the procedure underlying the appointment of the GAL.[1] While I join my colleagues' resolution of this issue, I believe that given the circumstances it is nonetheless imperative upon this Court to reiterate that which is axiomatic, *i.e.*, that such delegation of judicial duties constitutes neglect of those duties and undermines the public's confidence in the judiciary.

---

[1] In fact, in Children's preliminary objection to the GAL's petition for compensation, Children sought the recusal of the orphans' court judge from this matter precisely because of the procedure utilized in appointing the GAL. Despite initially denying this request, that judge has since recused himself.